## WASSISSIMI *vs.* WASHINGTON TERRITORY.

The over-ruling of motion for new trial in a criminal action, is not a final judgment, order or decision to be reviewed on writ of error.

At the September term 1854 of the District Court held at Port Townsend, Plaintiff in Error and an Indian named Jack, were found guilty of murder. By mistake of the Clerk, two sentences were entered against Jack—no judgment was entered against Plaintiff in Error. A warrant issued for the execution of Plaintiff in Error, pursuant to the unrecorded sentence of the Court. A supersedeas was granted by a Justice of the Supreme Court, and upon a hearing in the Supreme Court the supersedeas was made absolute.

ERROR to the Third Judicial District holding terms at Port Townsend.

Opinion by LANDER, Chief Justice.

The prisoner, Wassissimi, an Indian, was tried at the September term of the District Court for the counties of Jefferson and Clallam, on an indictment charging him with murder in

the first degree.  The Jury found him guilty as charged, and he then moved for a new trial, which motion was overruled by the Court.  A warrant for the execution of the prisoner issued to the sheriff of Jefferson County.  The prisoner then sued out his writ of error and an order was made by a Judge of this Court and served upon the said sheriff to stay further proceedings.

The prisoner moves at this term that this order be made final, and that all further proceedings be stayed.

The one hundred and fifty-seventh section of the act to regulate the practice and pleadings in prosecutions for crimes, provides that "every final judgment, order or decision of a District Court in a criminal prosecution, may be re-examined upon a writ of error, in the same Court for error in fact within one year, and in the Supreme Court for error in law within two years."  The over-ruling of a motion for a new trial did not make a final disposition of the cause, and was not such a final judgment or decision in a criminal prosecution as could be, in the opinion of this Court, re-examined upon a writ of error.

Courts can only examine the transcript of the record as certified to by the proper Clerk, and the issuing of a warrant for the execution of the prisoner was, as far as it appears to us, the mere act of the Clerk, to do which, the proceedings in the case had given him no authority.  The order issued by a Judge of this Court to stay further proceedings in the case was proper, as the warrant for the execution upon its face was legal.

The motion that the order of supersedeas be final will be over-ruled, the writ of error dismissed, and the cause remanded to the District Court, and the prisoner placed in the custody of the sheriff to abide the decision of the Court below.          ˋ